JUSTICE SHEA,
concurring.
¶58 I concur with the Court’s analysis in this case and its ultimate conclusion that Valerie was unjustly enriched and a constructive trust should be imposed. I submit, however, that although the District Court should properly be afforded the discretion to fashion an equitable resolution of this issue on remand, we can provide more precise guidance as to what the equitable objective should be.
¶59 There is no dispute that Roy violated the District Court’s restraining order when he changed the beneficiary of both life insurance policies to name Valerie as the sole beneficiary. There is likewise no dispute that Valerie was not otherwise entitled to any of the life insurance proceeds and, but for Roy’s violation of the restraining order, she would not have received any of the proceeds. We also know the precise amount, down to the penny, of the money that Valerie received and to which she was not entitled: $2,306,103.13. So when we conclude “that Valerie Goeser must return the insurance proceeds or that portion of the proceeds by which she ‘would be unjustly enriched if she were permitted to retain [them],’ ” Opinion, ¶ 55,1 have to ask: What do we mean by “portion”?
¶60 Having determined that Valerie was not entitled to the life insurance proceeds, I would conclude that the portion of the proceeds by which Valerie would be unjustly enriched if she were entitled to retain it is anything above $0. That being noted, I recognize the Court’s concern that there is a significant issue in the imposition of the constructive trust because Valerie has spent or invested the life insurance proceeds on real property in California. Opinion, ¶ 51. It seems to me, however, that the primary significance of this issue is *402 that it will likely require Valerie to sell the property if she is otherwise unable to pay the $2,306,103.13 that should have gone to Roy’s estate. While requiring Valerie to sell her home is indeed significant, it is certainly no more significant of an issue than ensuring that Roy’s estate is able to pay claims to Roy’s children and provide for their future as was intended and promised under the MSA and the parenting agreement providing for Saraya.
¶61 I agree that achieving an equitable result in this case will require the resolution of certain issues that are best left to the District Court on remand. For example, fluctuating real estate market values may affect Valerie’s ability to recoup and disgorge the full amount of the proceeds. A court sitting in equity is empowered to determine all questions involved in the case, and to fashion an equitable result that will accomplish complete justice. Kauffman-Harmon, ¶ 11. While the nuances of fashioning that equitable result are properly within the purview of the District Court on remand, I believe the facts of this case enable us to hold on appeal that the objective should be the recoupment, to the fullest extent possible, of the entire life insurance proceeds. I would so instruct the District Court.
CHIEF JUSTICE McGRATH joins the concurrence.